
462-07/PJG/PLS
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller – Maersk A/S
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

REEBOK INTERNATIONAL, LTD.,        07-CV. 7136 (PKL)

                Plaintiff,        **ANSWER TO COMPLAINT**

      -against-

A.P. MOLLER-MAERSK A/S trading as
Maersk Sealand,

                Defendant.

----------------------------------------------------------x

      Defendant, A.P. MOLLER – MAERSK A/S, (hereinafter "Maersk") for its Answer to the Complaint of Plaintiff herein, alleges upon information and belief as follows:

      1.    Admits that Plaintiff states that its claim constitutes an admiralty or maritime within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Court, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "1" of the Complaint.

      2.    Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Complaint.

3.  Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "3" of the Complaint.

4.  Admits that Defendant Maersk is a business entity organized and existing under the laws of a foreign country with an agent in care of Maersk Inc., the latter maintaining an office and place of business at Giralda Farms, Madison, New Jersey, and admits that Maersk entered into a contract of carriage, the terms and conditions of which are reflected on the relevant bill of lading, for ocean transport of containerized cargo from Jakarta, Indonesia to Los Angeles onboard, *inter alia*, the M/V MAERSK NIIGATA, which vessel(s) was operated in the common carriage of merchandise by water for hire, but except as so admitted, denies the remaining allegations contained in paragraph "4" of the Complaint.

5.  Admits that on or about July 2006, Defendant Maersk received for shipment at the Port of Jakarta, Indonesia two shipping containers which were said to contain 1,249 cartons of pairs of footwear for ocean carriage and delivery to the United States in consideration of an agreed freight charge to be paid by the shipper in accordance with the terms and conditions of the governing bill of lading, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "5" of the Complaint.

6.  Denies information or knowledge sufficient to form a belief with respect to the allegations contained in Paragraph "6" of the Complaint.

7.  Denies information or knowledge sufficient to form a belief with respect to the allegations contained in Paragraph "7" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

8. Complaint fails to state a claim or cause of action against the answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

9. This Court lacks subject matter jurisdiction over the present action.

## THIRD AFFIRMATIVE DEFENSE

10. If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by plaintiff, shipper, cargo owner, consignee and/or holder of the said bill(s) of lading and while the goods were in the care, custody, carriage and/or transport of the foregoing agents or contractors acting on their behalf.

## FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff is not the real party in interest and/or proper party plaintiff to assert this claim.

## FIFTH AFFIRMATIVE DEFENSE

12. The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq. (as recodified), and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted

to the shipment described in the Complaint, which is denied, it was due to a cause or causes for which the answering Defendant is not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

### SIXTH AFFIRMATIVE DEFENSE

13. The loss or damage allege in the Complaint occurred at point in time prior to the time the goods were tendered to the answering Defendant or subsequent to the time the subject container was delivered by the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to give timely notice of its claim.

WHEREFORE the answering Defendant prays:

(1) That judgment be entered in favor of the answering Defendant and against Plaintiff dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to answering Defendant ; and

(2) That answering Defendant have such other, further and different relief as the Court deems just and proper in the premises.

Dated: New York, New York
       November 14, 2007

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller - Maersk A/S

By: _____
    Peter J. Gutowski (PG 2200)
    Pamela L. Schultz (PS 8675)
    80 Pine Street, 24th Floor
    New York, NY 10005-1759
    Tel: (212) 425-1900

TO:   BADIAK & WILL, LLP
      Attorneys for Plaintiff
      106 Third Street
      Mineola, NY 11501-4404
      Attn: James P. Krauzlis, Esq.