MQ summons

462-07/PJG/PLS
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller – Maersk A/S
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

REEBOK INTERNATIONAL, LTD.,

Plaintiff,

-against-

A.P. MOLLER-MAERSK A/S, trading as Maersk Sealand,

Defendant

-------------------------------------------------------x

A.P. MOLLER-MAERSK A/S, trading as Maersk Sealand,

Third-Party Plaintiff,

- against –

CONTAINER INTERMODAL TRANSPORT, INC. and MEDARDO ATILIO CRUZ,

Third-Party Defendants.

-------------------------------------------------------x

07-CV. 7136 (PKL)

**THIRD-PARTY COMPLAINT**

U.S. DISTRICT COURT FILED 2007 NOV 15 PM 4:44 S.D. OF N.Y.

Defendant and Third-Party Plaintiff, A.P. MOLLER – MAERSK A/S, (hereinafter "Maersk") as for its Third-Party Complaint against CONTAINER INTERMODAL

TRANSPORT, INC. (hereinafter "CIT"), and Third-Party Defendant MEDARDO ATILIO CRUZ (hereinafter "CRUZ"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule 14(c) of the Federal Rules of Civil Procedure and this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1331 and that there is diversity of citizenship between the relevant parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. Further this Court has jurisdiction under 28 U.S.C. §1331 in that this matter presents a federal question arising under the Interstate Commerce Act, and supplementary jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff REEBOK INTERNATIONAL, LTD. ("REEBOK"), a corporation alleged to be organized and existing under and by virtue of the laws of the foreign state with an office and place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts as stated in Paragraph 2 of the Complaint of Plaintiff, commenced the subject action in the United States District Court for the Southern District of New York by filing a Complaint on August 10, 2007, against Maersk. A copy of this Complaint is annexed as Exhibit A.

3. Attached as Exhibit B is a copy of the Answer of Defendant and Third-Party Defendant Maersk filed in the subject action.

4. The subject matter of the Complaint relates to an alleged claim for damages relating to loss and/or non-delivery of a cargo of footwear (shoes).

5. Third-Party Plaintiff Maersk is a foreign business entity engaged in the common carriage of goods for hire.

6. At all material times hereto, Third-Party Defendant CIT was and still is a corporation duly organized pursuant to the laws of the State of California with a registered address at 542 Flint Avenue, Wilmington, CA 90744.

7. At all material times hereto, Third-Party Defendant CIT was and still is a company in the business of *inter alia,* providing commercial trucking services.

8. At all material times hereto, Third-Party Defendant CRUZ is an individual with an address at 11019 Cassina Street, Apt. D, Southgate, California 90280.

9. On or about July 16, 2006, Plaintiff alleges to have delivered to Maersk and the M/V MAERSK NIGATA a shipment consisting of 1,249 cartons of pairs of footwear stowed in two ocean shipping containers, for carriage and eventual delivery to the United States.

10. Pursuant to contractual arrangements, Third-Party Defendant CIT was engaged to provide truck transportation services, with respect to one of the containers from the discharge port to a designated location.

11. Third-Party Defendant CRUZ was the driver of the truck designated to perform the carriage as described above.

12. In or about August, 2006, and pursuant to the contractual arrangement outlined above, Third-Party Defendants CIT and CRUZ were provided and took possession of one of the containers.

13. Third-Party Defendants CIT and CRUZ failed to deliver the container to the designated location, which failure constituted, *inter alia*, a breach of contract and/or negligence and/or conversion of the cargo.

14. If the Plaintiff suffered any shortage, loss, damage and/or or non-delivery as alleged in the Complaint, which is denied, then the said loss, damage, and/or non-delivery were caused by or contributed to by the fault, negligence, carelessness, admission, breach of contract, breach of duty, breach of warranty (expressed or implied) and/or conversion on the part of Third-Party Defendants CIT and/or CRUZ.

15. As a consequence of the foregoing, if there is any liability on the part of the Third-Party Plaintiff for the matters or things alleged in the Complaint, Third-Party Defendants CIT and CRUZ are liable to the Third-Party Plaintiff for indemnity and/or contribution, plus costs and attorney fees and/or is directly liable to Plaintiff.

**WHEREFORE,** Third-Party Plaintiff MAERSK prays:

(a) Process in due form of law may issue against the above-referenced Third-Party Defendants citing them to appear and answer the matters set forth above and in the Complaint of Plaintiff, pursuant to Federal Rules of Civil Procedure 14(a) and (c), failing which a default will be entered against them;

(b) Judgment be granted in favor of Plaintiff directly against Third-Party Defendants CIT and/or CRUZ pursuant to 14(c) of the Federal Rules of Civil Procedure jointly and severally for the matters and things alleged in the Complaint;

(c) Third-Party Plaintiff MAERSK be granted indemnity and/or contribution from Third-Party Defendants CIT and CRUZ jointly and severally for any and all amounts which Third-Party Plaintiff MAERSK may be found liable to Plaintiff, plus costs and attorney fees incurred in this action; and

(d) Third-Party Plaintiff MAERSK have such further relief as this Court may deem just and proper in the premises, including but not limited to recovery of its costs, attorney fees and disbursements incurred in defending the action of the Plaintiff.

Dated: New York, New York
November 14, 2007

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant and Third-Party Plaintiff A.P. Moller – Maersk A/S

By: ______________________
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street, 24th Floor
New York, NY 10005-1759
Tel: (212) 425-1900

TO: BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, NY 11501-4404
Attn: James P. Krauzlis, Esq.

Container Intermodal Transport
522 Flint Avenue
Wilmington, California 90744



JUDGE LEISURE

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-M-011-JK

RECEIVED
AUG 10 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

REEBOK INTERNATIONAL, LTD.,

Plaintiff,

07 CIV. ( PKL ) 07 CV 7136

- against -

COMPLAINT

A.P. MOLLER-MAERSK A/S trading as Maersk Sealand,

Defendant.

---------------------------------------------------------------x

Plaintiff, REEBOK INTERNATIONAL, LTD., by their attorneys, Badiak & Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

2. Plaintiff, REEBOK INTERNATIONAL, LTD. (hereinafter referred to as "Reebok"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of a foreign state, and maintained an office and place of business at 1895 J.W. Foster Boulevard, Canton, MA.

EXHIBIT
A

3. Plaintiff Reebok was the consignee and owner of the shipment mentioned hereinafter and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shipper and consignee hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, A.P. Moller-Maersk A/S trading as Maersk Sealand, (hereinafter "Maersk"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Maersk, Inc., Giralda Farms, Madison Avenue, Madison, New Jersey 07940, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. MAERSK NIIGATA as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Jakarta, Indonesia, and Junction City, South Dakota, via Los Angeles, California.

5. On or before July 16, 2006, there was shipped by PT Tongyang, Indonesia, as shipper, and delivered to Maersk and the M.V. MAERSK NIIGATA at Jakarta, Indonesia, as common carriers, a shipment consisting of One Thousand, Two Hundred and Forty Nine cartons of pairs of footwear in two ocean shipping containers, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to Junction City, South Dakota, and there deliver same in like good order

and condition as when shipped, delivered to and received by them, to Reebok, the consignee and plaintiff, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant Maersk numbered MAEU 851634596, dated on or about July 16, 2006, and a service contract numbered.

6. Thereafter, the defendant failed to make delivery of the aforementioned shipment, the cargo being lost and not defendant failed to deliver the subject shipment in the same good order, condition or quantity as when shipped, delivered to and received by them, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $370,764.08.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of its property within this District be attached in the sum of $370,764.08, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

    4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
August 9, 2007

BADIAK & WILL, LLP
Attorneys for Plaintiff,
Reebok International, Ltd.

By:________________________
JAMES P. KRAUZLIS (JK-4972)

462-07/PJG/PLS
FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller – Maersk A/S
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

REEBOK INTERNATIONAL, LTD.,

Plaintiff,

-against-

A.P. MOLLER-MAERSK A/S trading as Maersk Sealand,

Defendant.

-------------------------------------------------------x

07-CV. 7136 (PKL)

**ANSWER TO COMPLAINT**

Defendant, A.P. MOLLER – MAERSK A/S, (hereinafter "Maersk") for its Answer to the Complaint of Plaintiff herein, alleges upon information and belief as follows:

1. Admits that Plaintiff states that its claim constitutes an admiralty or maritime within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of this Court, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "1" of the Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "2" of the Complaint.



3. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in Paragraph "3" of the Complaint.

4. Admits that Defendant Maersk is a business entity organized and existing under the laws of a foreign country with an agent in care of Maersk Inc., the latter maintaining an office and place of business at Giralda Farms, Madison, New Jersey, and admits that Maersk entered into a contract of carriage, the terms and conditions of which are reflected on the relevant bill of lading, for ocean transport of containerized cargo from Jakarta, Indonesia to Los Angeles onboard, *inter alia*, the M/V MAERSK NIIGATA, which vessel(s) was operated in the common carriage of merchandise by water for hire, but except as so admitted, denies the remaining allegations contained in paragraph "4" of the Complaint.

5. Admits that on or about July 2006, Defendant Maersk received for shipment at the Port of Jakarta, Indonesia two shipping containers which were said to contain 1,249 cartons of pairs of footwear for ocean carriage and delivery to the United States in consideration of an agreed freight charge to be paid by the shipper in accordance with the terms and conditions of the governing bill of lading, but except as so admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in Paragraph "5" of the Complaint.

6. Denies information or knowledge sufficient to form a belief with respect to the allegations contained in Paragraph "6" of the Complaint.

7. Denies information or knowledge sufficient to form a belief with respect to the allegations contained in Paragraph "7" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

8. Complaint fails to state a claim or cause of action against the answering Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

9. This Court lacks subject matter jurisdiction over the present action.

**THIRD AFFIRMATIVE DEFENSE**

10. If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of negligence and/or breach of contract by plaintiff, shipper, cargo owner, consignee and/or holder of the said bill(s) of lading and while the goods were in the care, custody, carriage and/or transport of the foregoing agents or contractors acting on their behalf.

**FOURTH AFFIRMATIVE DEFENSE**

11. Plaintiff is not the real party in interest and/or proper party plaintiff to assert this claim.

**FIFTH AFFIRMATIVE DEFENSE**

12. The shipment described in the Complaint was received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for carriage of the shipment, and by which the shipper, owner, consignee and holders of said bill(s) of lading agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq. (as recodified), and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation pertinent to this carriage. If any loss, damage or shortage resulted

to the shipment described in the Complaint, which is denied, it was due to a cause or causes for which the answering Defendant is not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment and/or the aforementioned legislation.

**SIXTH AFFIRMATIVE DEFENSE**

13. The loss or damage allege in the Complaint occurred at point in time prior to the time the goods were tendered to the answering Defendant or subsequent to the time the subject container was delivered by the Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

14. Plaintiff failed to give timely notice of its claim.

WHEREFORE the answering Defendant prays:

(1) That judgment be entered in favor of the answering Defendant and against Plaintiff dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to answering Defendant ; and

(2) That answering Defendant have such other, further and different relief as the Court deems just and proper in the premises.

Dated: New York, New York
November 14, 2007

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
A.P. Moller - Maersk A/S

By: ______________________
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street, 24th Floor
New York, NY 10005-1759
Tel: (212) 425-1900

TO:    BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, NY 11501-4404
Attn: James P. Krauzlis, Esq.